IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HASANI LEE, and TONI WIGGINS,

Plaintiffs,

vs.

OMAHA HOUSING AUTHORITY, Authority Vash Home Mod Programs; and SELDIN COMPANY,

Defendants.

**8:25CV569**

**ORDER**

This matter is before the Court on pro se Plaintiffs Hasani Lee and Toni Wiggins' Motion for Recusal and Disqualification. Filing No. 95. Plaintiffs move the undersigned magistrate judge to recuse herself pursuant to 28 U.S.C. §§ 144 and 455. Plaintiff Hasani Lee filed an affidavit pursuant to section 144.

Section 144 provides for the disqualification of a judge upon the filing of a legally sufficient affidavit. *In re Medlock*, 406 F.3d 1066, 1073 (8th Cir. 2005). Simply filing an affidavit is not enough to disqualify a judge. *Caranchini v. Bank of Am., N.A.*, No. 4:10-CV-672, 2011 WL 4954011, at *1 (W.D. Mo. Oct. 18, 2011) (quoting *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976)). The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. The affidavit must allege personal bias. *Caranchini*, No. 4:10-CV-672, 2011 WL 4954011, at *1. "A court's issuance of an adverse ruling or rulings is insufficient grounds for disqualification." *Id.* An affidavit that merely alleges "rumor[,] speculation, beliefs, conclusions, innuendo, suspicion, opinion, and

similar non-factual matters" does not disqualify a judge. *United States v. Faul*, Nos. 3:83-cr-16 & 3:99-cv-41, 2007 WL 1847371, at *5 (D.N.D. June 25, 2007).

The same standard applies to recusal pursuant to section 455. Under either section 144 or section 455, "recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). A party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2023)).

As an initial matter, the undersigned notes Plaintiffs' request that she not rule on this motion herself. This request is denied. The Eighth Circuit has "routinely affirmed recusal decisions rendered by the judge against whom the motion is directed." *Akins*, 863 F.3d at 1086. The undersigned turns to the merits of Plaintiffs' motion.

First, Plaintiffs argue the undersigned is required to recuse or disqualify herself from this case because Plaintiffs allegedly sued the undersigned in a new case. Recusal is not required when a party "has sued or threatens to sue the judge presiding over that party's litigation." *Buttercase v. Frakes*, No. 8:18CV131, 2019 WL 2231133, at *1 (D. Neb. May 23, 2019) (quoting *McGee v. United States Gov't*, No. CV 13-116, 2013 WL 12130579, at *2 (C.D. Cal. Mar. 18, 2013)). "The logic behind the rule is to prevent 'judge-shopping' by litigants." *Id.* Suing or threatening to sue the undersigned does not disqualify or require the undersigned to recuse from this case.

Second, Plaintiffs argue the undersigned's judicial actions show bias or prejudice. Plaintiffs rely on conclusions and speculation drawn from a faulty account of the undersigned's judicial actions. For example, the undersigned did not deny "every motion favorable to Plaintiffs," Filing No. 95 at 4—Plaintiffs' first

motion to amend their complaint was granted. Filing No. 13. Moreover, adverse rulings alone do not demonstrate bias or prejudice.

Plaintiffs' affidavit is not legally sufficient to disqualify the undersigned pursuant to 28 U.S.C. § 144. Nor is recusal required pursuant to 28 U.S.C. § 455. The undersigned is not biased, for or against, any of the parties to this case. In addition, the undersigned has no conflict of interest to continue to preside as the magistrate judge on this case. The undersigned believes she has handled the above-captioned case in accordance with the law and there is no basis for concluding her "impartiality might reasonably be questioned." *Southwestern Bell Telephone Co. v. F.C.C.*, 153 F.3d 520, 523 (8th Cir. 1998). Rather, she is obligated not to recuse herself because there is no valid reason for doing so. *Id.*

For the reasons set forth herein, Plaintiffs' Motion for Recusal and Disqualification, Filing No. 95, is denied.

IT IS SO ORDERED.

Dated this 3rd day of September, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge