IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HASANI LEE, and TONI WIGGINS,<br><br>Plaintiffs,<br><br>vs.<br><br>OMAHA HOUSING AUTHORITY, Vash Home Mod Programs; and SELDIN COMPANY,<br><br>Defendants. | **8:25CV569**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiffs' Motion to Reassign Case (Filing No. 93), Motion to Reopen Case (Filing No. 94), Objection to Magistrate Judge's Order, (Filing No. 99), and Motions for Leave to Appeal in Forma Pauperis (Filing No. 109; Filing No. 110; Filing No. 111). For the reasons stated herein, the Court denies the motions to reassign and reopen, overrules the objection, and grants Plaintiffs leave to proceed in forma pauperis on appeal.

## I. BACKGROUND

On June 18, 2026, the Court granted Defendants' motions to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted and entered judgment. Filing No. 79. Plaintiffs filed a motion to reconsider on July 1, 2026, which they then moved to withdraw on September 2, 2026. Filing No. 96. The Magistrate Judge entered a text order on September 3, 2026, granting the motion to withdraw and striking the motion for reconsideration. Filing No. 97.

On August 17, 2026, Plaintiffs filed a motion to recuse and disqualify the Magistrate Judge. Filing No. 95. They argued she showed bias or prejudice and that they had sued

her in another case. The Magistrate Judge analyzed these arguments and found no basis for recusal. Filing No. 98.

Plaintiffs object to the Magistrate Judge's recusal order, move to reassign the case, and move to reopen the case. Filing No. 99; Filing No. 93; Filing No. 94. On October 5, 2026, Plaintiffs filed a notice of appeal from the Court's judgment dismissing the case. Filing No. 108. They move for in-forma-pauperis status on appeal. Filing No. 109; Filing No. 110; Filing No. 111. The Court addresses these arguments in turn.

## II. ANALYSIS

### A. Objection to Magistrate Judge's Order

Plaintiffs object to the Magistrate Judge's order declining to recuse herself, contending she failed to address their assertion that her impartiality could be reasonably questioned under 28 U.S.C. § 455(a).

A party may object to a magistrate judge's order on a nondispositive matter by filing an objection. Fed. R. Civ. P. 72(a). "A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

The magistrate judge's order refusing to recuse herself was not clearly erroneous or contrary to law. Contrary to Plaintiffs' contention, she did address their argument that her impartiality might be questioned under § 455(a). *See* Filing No. 98 at 2 (explaining the applicable standard that under section 455 "recusal is required if the judge bears a bias or prejudice that *might call into question his or her impartiality*"). As thoroughly

explained in the magistrate judge's order, there is also no basis by which her impartiality could be questioned. Plaintiffs' objection is overruled.

**B. Motion to Reassign Case**

Plaintiffs have filed a motion to reassign the case, arguing the undersigned judge must recuse, no judge of this district can be neutral, and the case must be reassigned to an out-of-district judge or special master. Filing No. 93 at 1. They argue that recusal and reassignment are warranted because: OHA is an institutional defendant represented by a prominent Omaha law firm with ties to the judicial community creating "a structural conflict" and because another case in which they are Plaintiffs has been pending for seven months without an initial review, demonstrating potential bias of the undersigned judge. Filing No. 93 at 1.

Under 28 U.S.C. §§ 144 and 455, "recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). A party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2023)).

Plaintiffs further invoke 28 U.S.C. § 292(b) as a basis to appoint a judge from outside the district. This statute allows the chief judge of a district to "designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit" when it is "in the public interest." 28 U.S.C. § 292(b).

Lastly, Plaintiffs cite Federal Rule of Civil Procedure 53 as a basis for their request. This rule provides for the appointment of a special master upon consent of the parties'

consent, under exceptional conditions, to perform difficult damages computations, or to address pretrial and posttrial matters that cannot be otherwise effectively and timely addressed. Fed R. Civ. P. 53.

The Court finds no basis to recuse or reassign the case for any of the reasons Plaintiffs assert. Plaintiffs' claims of potential bias of structural conflict are speculative and unfounded. There is no reason for the undersigned to recuse or to reassign the case outside the district or appoint a special master based on another party's representation b by a particular law firm or due to the fact another case is pending in this Court. Accordingly, Plaintiffs' motion is denied.

**C. Motion to Reopen Case**

Plaintiffs move to reopen the case and vacate the judgment. Filing No. 94. As noted, the Court granted Defendants' motions to dismiss because they failed to state claims upon which relief could be granted. *See* Filing No. 79. The Court also denied Plaintiffs leave to amend because their proposed amended complaint did not remedy the deficiencies warranting dismissal. Filing No. 79 at 15. Plaintiffs argue the judgment should be vacated because the District Judge ruled directly on motions without findings and recommendations from the Magistrate Judge; there was never an in-person hearing in the case; the Court did not grant Plaintiffs' motion for temporary restraining order; the Court characterized Plaintiffs' federal complaints as a "letter writing campaign;" and the Court improperly denied Plaintiffs leave to file an amended complaint.

Plaintiffs argue the judgment should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4) or (6). The first subsection allows the Court to relieve a party for final judgment where the judgment is void. Fed. R. Civ. P. 60(b)(4). The second subsection

allows the Court to vacate a judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

There is no basis to vacate the judgment or reopen the case. There was no requirement that the Magistrate Judge rule on dispositive matters prior to the Court issuing an order as Plaintiffs contend; referral to a magistrate judge is discretionary, not a prerequisite to the Court's ruling. *See* 28 U.S.C. § 636(b) (providing that the Court "may" designate a magistrate judge to hear matters). The Court also finds no error in its prior determination that Plaintiffs have failed to state a claim and that their proposed amended complaint would fail to remedy the deficiencies for the reasons already stated in its thorough memorandum and order. Filing No. 79. Nor does the Court's characterization of Plaintiffs' actions as a "letter writing campaign" warrant relief from the judgment. Lastly, there is no requirement that the Court hold an in-person hearing prior to denying a motion for temporary restraining order or issuing a judgment on a complaint that fails to state a claim upon which relief can be granted.

Accordingly, Plaintiffs' motion to vacate the judgment and reopen the case is denied.

**D. Motion for Leave to Appeal in Forma Pauperis**

Plaintiffs have filed a notice of appeal from the Court's order and judgment dismissing the complaint. They have also filed for leave to appeal in forma pauperis, Filing No. 109, and have filed supporting affidavits demonstrating their inability to pay, Filing No. 110; Filing No. 111. Pursuant to Federal Rule of Appellate Procedure 24, the Court concludes leave to appeal in forma pauperis should be granted. *See* Fed. R. App. P. 24(a).

**E. Other Pending Matters**

The Court notes that Defendants' Motion for Sanctions, Filing No. 105, and Plaintiffs' Motion for Leave to File Surreply to the sanctions motion, Filing No. 115, remain pending. The Court retains jurisdiction to determine the motion for sanctions and will decide these motions in due course. *See Robinson v. Eng*, 148 F.R.D. 635, 638 (D. Neb. 1993) ("[A] district court retains jurisdiction over 'collateral' matters, such as motions requesting Rule 11 sanctions and motions requesting attorney's fees, even though final judgment on the underlying action has been entered and is pending on appeal.").

IT IS ORDERED:

1. Plaintiffs' Motion to Reassign Case, Filing No. 93, is denied.
2. Plaintiffs' Motion to Reopen Case, Filing No. 94, is denied.
3. Plaintiff's Objection to Magistrate Judge's Order, Filing No. 99, is overruled.
4. Plaintiffs' Motions for Leave to Appeal in Forma Pauperis, Filing No. 109; Filing No. 110; Filing No. 111, are granted. Plaintiffs may proceed in forma pauperis on appeal.
5. The Clerk of Court shall process Plaintiffs' appeal to the Eighth Circuit Court of Appeals.

Dated this 29th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge