IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HASANI LEE, and TONI WIGGINS,

Plaintiffs,

vs.

OMAHA HOUSING AUTHORITY, Vash Home Mod Programs; and SELDIN COMPANY,

Defendants.

**8:25CV569**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Omaha Housing Authority's ("OHA") Motion for Sanctions. Filing No. 105. OHA seeks sanctions under Federal Rule of Civil Procedure 11 and the All Writs Act. Filing No. 106. More specifically, OHA requests the Court award it attorneys' fees associated with the pending motion for sanctions, its brief in opposition to Plaintiff's motion to reconsider, Filing No. 81, and its brief in opposition to Plaintiff's motion for temporary restraining order. Filing No. 85. OHA also requests the Court enjoin Plaintiff from filing further actions in this court *pro se* or *in forma pauperis* without court approval. For the reasons set forth herein, the undersigned denies OHA's motion for sanctions, Filing No. 105, and denies Plaintiff's motion to file sur-reply. Filing No. 115.[1]

[1] Plaintiffs move to respond to "new" matters in OHA's reply brief. Filing No. 115. Nebraska Civil Rules provide "no party may file further briefs or evidence without the court's leave." Whether to allow such filings is a matter in the Court's discretion. *See Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1037 n.3 (8th Cir. 2018). Upon review of all of the material submitted, the Court finds the Plaintiffs had a full and fair opportunity to respond to OHA's motion and a sur-reply nor supplemental evidence is warranted. Regardless, such information is not necessary for the Court to reach a decision in this matter and Plaintiffs are not being subjected to sanctions at this time.

## BACKGROUND

On September 17, 2025, OHA removed the pending case to this Court. The case was originally filed in the District Court of Douglas County, Nebraska. Plaintiffs' complaint alleged claims under the Fair Housing Act, claims for retaliation under the Fair Housing Act, state law and the Rehabilitation Act, as well as claims of bad faith and fraudulent misrepresentation. Plaintiffs further asked for a preliminary injunction preventing their eviction. All claims relate to Plaintiffs status or proposed status as a live-in aide for Henry Lee, who was receiving public housing assistance from the OHA. The Court granted Defendants' motion to dismiss and denied Plaintiffs' motion for preliminary injunction on June 18, 2026. Filing No. 79. A judgment was then entered. Filing No. 80.

Since the judgment was entered, Plaintiffs filed a motion for reconsideration (which has since been withdrawn), Filing Nos. 81, 96, 97, a motion for leave to file Second Amended Complaint (which has since been withdrawn), Filing Nos. 89, 96, 97, a motion for reassignment of an out of district judge, Filing No. 93, a motion to reopen the case, Filing No. 94, a motion for recusal, Filing No. 95, a notice of appeal, Filing No. 108, and motions for leave to appeal in forma pauperis, Filing Nos. 109-111. OHA responded to Plaintiffs' motion for reconsideration and motion for leave to file Second Amended Complaint before Plaintiff withdrew these motions. OHA did not respond to the other motions but, instead, filed the pending motion for sanctions.

Evidence before the Court indicates OHA's counsel provided Plaintiff with a Rule 11 letter on August 28, 2026 via email. Filing No. 113 at 7. The email requested Plaintiffs withdraw Filing Nos. 85, 86, 88, 89, 91-95. Plaintiffs provided an affidavit indicating the email to which this was sent only belonged to Plaintiff Lee, not Plaintiff Wiggins. Plaintiffs also indicate they never received the Rule 11 letter via mail and have never consented to service via email. On September 2, 2026, before the 21-day safe harbor period passed, Plaintiffs moved to withdraw Filings Nos. 81, 85, and 89. OHA's counsel inquired on September 21, 2026

whether Plaintiffs were planning to withdraw filings 86, 88, and 91-95. Filing No. 113 at 16.

OHA also provided the Court with information regarding other lawsuits Plaintiffs have filed in the District Court and County Court for Douglas County, Nebraska, as well as the appeals of such cases. Pursuant to the evidence provided to the Court, these cases included: claims of habitability violations against OHA (CI 24-39), which were dismissed with prejudice, Filing No. 107-2; a matter in which Plaintiff Lee moved to dismiss the case without prejudice and the court did so (CI 24-1768), Filing No. 107-3; claims regarding the habitability of Henry Lee's unit with OHA (CI 24-2225), which were dismissed with prejudice Filing No. 107-4; claims pursuant to the Fair Housing Act and the Uniform Residential Landlord Tenant Act relating to alleged retaliation and eviction from Henry Lee's unit with OHA as well as a defamation claim (CI 24-3481), which were dismissed with prejudice, Filing No. 107-6; and claims relating to the failure to respond to Plaintiff's claim pursuant to the Political Subdivision Tort Claims Act and the submission of allegedly false affidavits by OHA, which were dismissed (CI 25-4085), Filing No. 107-8. OHA also provided evidence indicating Plaintiffs filed four protection order actions against individuals related to Henry Lee's rental property. Filing Nos. 107-9, 107-10, 107-11, 107-12.

OHA further points out cases Plaintiffs have filed in federal court. Plaintiffs filed two identical cases (one by Plaintiff Lee and one by Plaintiff Wiggins) alleging violations of § 1983, Fair Housing Act, 18 U.S.C. § 1001, various Nebraska state statutes and tortious interference with a power of attorney. *See Wiggins v. Omaha Housing Authority Foundation, Inc.*, 8:24-cv-202 (filed June 3, 2024); *Lee v. Omaha Housing Authority Foundation, Inc.*, 8:24-cv-203 (filed June 3, 2024). These lawsuits claimed OHA made allegedly false police reports and a false forcible entry and eviction action against Plaintiffs. These cases were dismissed without prejudice for failure to prosecute and failure to comply with the Court's order.

*Wiggins v. Omaha Housing Authority Foundation, Inc.*, 8:24-cv-202, Filing No. 10; *Lee v. Omaha Housing Authority Foundation, Inc.*, 8:24-cv-203, Filing No. 10.

In addition to the above-captioned case, Plaintiffs have three other cases currently pending in this Court. *Lee et al v. Omaha Housing Authority*, Case No. 8:25-cv-735, sets forth allegations of Fair Housing Act violations against OHA. However, Plaintiffs recently requested the Court dismiss that action without prejudice. *Lee et al v. Omaha Housing Authority*, 8:25-cv-735, Filing No. 12. Plaintiffs recently filed an amended complaint in *Lee et al v. Omaha Housing Authority, et al*, Case No. 8:26-cv-410 (filed August 10, 2026), setting forth claims relating to Plaintiffs' designation as live in aides for Henry Lee and their eviction from the apartment. *Lee et al v. Omaha Housing Authority, et al*, Case No. 8:26-cv-410, Filing No. 14. These claims include Fair Housing Act violations, § 1983 and § 1985 claims, and claims under Section 504 of the Rehabilitation Act, against OHA and others. This case is pending review on the *pro se* docket. *Lee et al v. Kennedy East LIHTC, LLC et al*, Case No. 8:26-cv-411 (filed August 10, 2026) is also pending review on the *pro se* docket. Plaintiffs recently amended the complaint in this matter and allege violations of 42 U.S.C. § 1983 and the Fair Housing Act. *Lee et al v. Kennedy East LIHTC, LLC et al*, Case No. 8:26-cv-411, Filing No. 14. This case was not filed against OHA but does relate to Plaintiffs' eviction from the apartment.

## ANALYSIS

### I. Sanctions pursuant to Rule 11

Rule 11 requires all parties who file pleadings, motions, and other papers in federal court to ensure "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the claims and arguments presented "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," that the factual contentions have evidentiary support," that the "denials of factual

contentions are warranted on the evidence," and that the filing was not made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Rule 11's purpose is to deter baseless filings in district court and "to deter attorney and litigant misconduct." *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[T]he standard under Rule 11 is whether the attorney's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Ser., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)). A party's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure, including Rule 11. *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). The party moving for sanctions has the burden of proof and persuasion. Ingwersen v. Planet Group, Inc., No. 8:09CV249, 2010 WL3342259, at *5 (D. Neb. Aug. 23, 2010).

**A. Safe Harbor Provision**

Rule 11(c)(2) provides that, prior to filing a motion for sanctions, the moving party must serve the motion on the other party pursuant to Rule 5 and provide the nonmoving party 21 days to correct or withdraw the challenged conduct.[2] In its motion, OHA generally states that because Plaintiffs made certain filings after the Court dismissed Plaintiffs' complaint, such filings must be frivolous. OHA explicitly sets forth the following problematic conduct: (1) Plaintiff's motion for reconsideration, Filing No. 81; (2) Plaintiff's Motion for Temporary Restraining

---

[2] Plaintiffs take issue with the manner OHA served them, contending they did not receive the notice via regular mail and, further, pointing out that they have not consented to electronic service. OHA implies they mailed the notice to Plaintiffs. However, the Court has no evidence this occurred or when it did, in fact, occur. The Eighth Circuit has required that district courts and attorneys scrupulously follow Rule 11's safe harbor provision. *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003). Because OHA has not clearly established compliance with Rule 11's safe harbor provision, the Court could deny the motion for sanctions on this basis. Nonetheless, given the nature of this case and the conclusion, it proceeds to analyze the merits of such motion.

order, Filing No. 85; and (3) Plaintiff's motion for leave to file Second Amended Complaint, Filing No. 89. OHA argues the inaccuracies and mischaracterizations in Plaintiffs' Reply Brief in support of Motion for Leave, Filing No. 92, are so voluminous it is "legitimately difficult to keep track of." Filing No. 106 at 10. OHA specifically sets forth the following examples, which OHA contends are either irrelevant or inapplicable to the facts of the case, or, in the alternative are non-existent: Plaintiffs' references to: "89 FR 65775 ¶ 80"; "24 C.F.R. § 5.2205(d)"; "OHA's Administrative Plan § 4.9"; "PIH Notice 2011-53"; "25 C.F.R. 982.555"; and Plaintiffs' allegation that the Court ignored granting a motion to extend. Filing No. 106 at 11-12.

OHA concedes Plaintiffs withdrew and made alterations to the filings at issue after receiving the safe harbor notice but before the filing of the motion for sanctions. OHA contends, however, that Plaintiffs have not fully corrected or withdrew the relevant findings, citing to Filing Nos. 86, 88, 92-95. However, upon review, Plaintiffs moved to withdraw any citations to "89 FR 65775 ¶ 80" and "OHA's Administrative Plan § 4.9" on September 2, 2026. Filing No. 96. Plaintiff also moved to withdraw statements regarding: "24 C.F.R. § 5.2205(d)", the "PIH Notice 2011-53", and Plaintiff's allegation that the Court ignored granting a motion to extend on September 21, 2026, among other statements. Filing Nos. 102, 103.

The Court cannot consider, for sanctions purposes, any pleading and/or statement that was withdrawn or corrected after the notice was provided. *Caranchini v. Nationstar Mortgage, LLC*, 97 F.4th 1099, 1102 (8th Cir. 2024) ("More succinctly, the motion for sanctions may only be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is not withdrawn or appropriately corrected within the 21-day period."). Three motions were not withdrawn prior to the end of the safe harbor period: (1) motion for reassignment to an out of district judge or appointment of a special master; (2) motion to reopen the case, and (3) motion for recusal and disqualification of the undersigned. Filing Nos. 93, 94, and 95. Plaintiffs also did not withdraw any statements regarding "25

C.F.R. 982.555", which was explicitly pointed out by OHA as irrelevant in its brief. Filing No. 106 at 11.

**b. Rule 11**

Sections (b)(1) and (2) of Rule 11 are relevant to the pending motion. Pursuant to Rule 11(b)(1), a party may be sanctioned if they submit a pleading, written motion or other paper for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Inferences of improper purpose and an attorney's state of mind, within the meaning of subsection (b)(1), "must necessarily be based on circumstantial evidence and inferences drawn therefrom." *Clark*, 460 F.3d 1004, 1011 (8th Cir. 2006).

Pursuant to Rule 11(b)(2), a party may be sanctioned if his claim or motion "did not have any basis in fact"; if the party failed to present any facts supporting the claim or motion; or if the claim or motion was based on immaterial factual allegations. *MHC Inv. Co. v. Racom Corp*., 323 F.3d 620, 625 (8th Cir. 2003). The duty to assess the viability of a claim is a continuing one and, as such, a party may be sanctioned if they persist with a claim or motion once it becomes apparent that it lacks evidentiary support. Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment (the rule "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable" and "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in the those pleadings and motions after learning that they cease to have any merit").

After receipt of the safe harbor notice, Plaintiffs withdrew certain motions and made certain corrections to their filings. The Court understands OHA's frustration with the volume of statements that have now been corrected and the number of motions that have been filed since the judgment was entered in this case. That all being said, the undersigned cannot award Rule 11 sections due to

withdrawn or corrected statements. *Caranchini*, 97 F.4th at 1102. This would defeat the purpose of the safe harbor notice in Rule 11.

Three motions remain.[3] The motion for reassignment to an out-of-district judge or appointment of a special master, motion to reopen the case, and the motion for recusal and disqualification of the undersigned. Filing Nos. 93, 94, and 95. Though each of these motions were denied, *see* Filing Nos. 98 and 118, the Court does not find that these are the type of motions that – for a *pro se* plaintiff – warrant sanctions *at this time*. *See Carter v. Wasko*, 2023 WL 4559498 at *7 (D.S.D. July 17, 2023) (denying a motion for sanctions against a pro se party when the court recognized the pro se party was engaging in dishonest and disingenuous behavior but warning the pro se party that continued behavior of that kind would likely result in sanctions); *Luther v. American National Bank of Minn.*, 2013 WL 12073798 at *15 (D.Minn. Aug. 21, 2013) (denying a motion for sanctions against a *pro se* party when the *pro se* party had a filed a substantial number of other lawsuits based upon a similar issue).

However, despite the Court's ultimate ruling, the Court is now aware of both Plaintiffs' litigation history (in state and federal court) and voluminous withdrawals and corrections to court filings after receiving a Rule 11 safe harbor notice. This information, as well as this order, can easily be considered as the type of circumstantial evidence used when awarding sanctions—should other issues arise—in this case or other cases involving Plaintiffs.

Plaintiffs are warned that they should thoroughly vet the filings and representations they make to this Court and are reminded that the duty to assess the viability of a claim is a continuing one. Opposing counsel should not have to provide a Rule 11 letter and threaten sanctions to prompt Plaintiff to proofread their court filings. Their *pro se* status will not forever be a shield from sanctions should this type of behavior continue.

---

[3] Plaintiffs also did not withdraw references to "25 C.F.R. 982.555." Upon review, this is not a circumstance in which sanctions are warranted.

## II. Sanctions pursuant to the All Writs Act

The All Writs Act, 28 U.S.C. § 1651, provides that district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." "The act grants federal courts the power to 'limit access to the courts by vexatious and repetitive litigants.'" *Onuachi v. Master Builders et al.*, No. 4:17-cv-3114, 2018 WL 922135 (D. Neb. Feb. 15, 2018) quoting *Payman v. Lee Cty. Cmty. Hosp.*, 2005 WL 735886 (W.D. Va. Mar. 31, 2005); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). The Eighth Circuit has specifically stated that "[t]he Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for an obviously malicious purpose and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988) (per curiam) (internal citations and quotations omitted); *see also* *Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014) (per curiam) (citing *Day v. Day*, 510 U.S. 1, 2 (1993) (per curiam)).

The Court has reviewed the state court pleadings submitted as evidence. It is true that Plaintiff has filed five cases against OHA in state court as well as the federal cases OHA discusses. It appears these cases all relate to various issues regarding Henry Lee's apartment. In *this* Court, this is the first case that has been dismissed *without* leave to amend. Moreover, it does not appear any court has cautioned Plaintiff from filing further lawsuits touching on the matters at issue in this lawsuit or made any findings of frivolity. Accordingly, the Court denies Defendant's motion for injunction. *See* *Onuachi*, 2018 WL 922135 at *4.

However, OHA's concerns are not unwarranted. As such, the Court cautions Plaintiffs that any further filings in this Court touching on the subject matter of this action will cause the Court to seriously consider the imposition of severe sanctions, including but not limited to an injunction regarding their filings in this Court. *See* *Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) ("A district court is

vested with discretion to impose sanctions upon a party under its inherent disciplinary power.”). Plaintiffs should also consider this warning in conjunction with the cases currently pending before this Court, to the extent they touch on the same subject matter as this case.

IT IS ORDERED:

1. Omaha Housing Authority’s motion for sanctions, Filing No. 105, is denied.
2. Plaintiffs’ motion for sur-reply, Filing No. 115, is denied.

Dated this 2nd day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge